UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF NEW YORK

10 CV -460

Keshawn Hill,
    Plaintiff,

V.



Brian Fischer (NYS DOCS Commissioner);
Andrea Evans & George Alexander (NYS DOP Acting & Former Chairmen);
Judith Cummins (ALJ, NYS DOP); Susanne Mattingly (Parole Officer);
Ron LaDuce (Parole Officer); Christina Hernandez, Debra Loomis,
Lisa Elovich & Crangle (NYS D.O.P. Comm.), and Sara S. Sperrazza
(Niag. Co. Court Judge).

## STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. §1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343 and (4), and 2201.

## PARTIES TO THIS ACTION

Plaintiff: Keshawn Hill #02b1166
Address: Elmira Corr. Fac.

i

Defendant: Brian Fischer is being sued in his individual & official capacities
Address: State Capitol, Harriman State Campus - bldg. #2, 1220 Washington Ave., Albany, N.Y. 12226
Official Position: Commissioner of the NYS DOCS

Defendants: Andrea Evans & George Alexander are being sued in their individual & official capacities
Address: 95 Central Ave., Albany, N.Y. 12206
Official Position: Chairman & CEO of the NYS DOP

Defendants: Susanne Mattingly & Ron LaBues are being sued in their individual & official capacities
Address: 444 Third St., Niag. Falls, N.Y. 14303
Official Positions: Parole Officers

Defendants: Lisa Elovs, Christina Hernardy, Debra Looks & Crangle are being sued in ~~thirxixdxv~~ their individual & official capacities
Address: 95 Central Ave., Albany, N.Y. 12206
Official Positions: Commissioners of the NYS DOP

Defendant: Judith Cummins is being sued in her individual & official capacities
Address: 95 Central Ave., Albany, N.Y. 12206
Official Position: Adm. Law Judge

Defendant: Sara S. Sperazza is being sued in her individual & official capacities
Address: 175 Hawley St., Lockport, N.Y. 14094

Official Position: Judge

No previous lawsuits have been commenced in State or Federal court dealing with the same facts involved in this action.

No other lawsuits have been commenced in Federal court which relate to ~~your~~ imprisonment.

### — EXHAUSTION OF ADMINISTRATIVE REMEDIES —

In 2008, an Art. 78 was filed against the NYS DOCS & DOP (see Statement of Facts, para. 20-23).

In 2009, an appeal was filed with the NYS DOP challenging a decision made by ALJ Judith Cummins (see State of Facts, para. 39).

In 2009, a CPL §440.20 Motion was filed with Judge Sperazza (see Statement of Facts, para. 25-32).

In 2009, an appeal was perfected with the 3rd Dept. Appellate Division with respect to the 2008 Art. 78 filed against the NYS DOCS & DOP (see Statement of Facts, para. 24).

In 2010, an appeal was perfected with the 4th Dept. Appellate Division with respect to the 2009 CPL §440.20 Motion (see Statement of Facts, para. 38).

In the absence of a Notary Public, I, Mashama Hill, duly deposes and says under the penalty of perjury that the above and further stated is true and correct except for that which has been stated upon information & belief.

*Mashama Hill*

## STATEMENT OF FACTS

1. On May 8th, 2002, plaintiff was sentenced to a four (4) year determinate prison term and three (3) years post-release supervision (PRS) by Judge Sara S. Sperazza of the Niagara County (Niag. Co.) Court.

2. Prior to the pronouncement of plaintiff's sentence, however, the Assistant District Attorney (ADA) was heard with respect to a predicate felon motion. As a result, plaintiff was questioned by Judge Sperazza regarding a prior felony conviction and he admitted to having such. Judge Sperazza had questioned plaintiff with regards to him being aware that she thus was constrained to sentence him as a predicate felon and he had acknowledged by stating yes.

3. Judge Sperazza had next allowed plaintiff time to state his contrast to her judgment of conviction. After a non-jury trial, she then had taken time to give a statement of her own, prior to the actual pronouncement of sentencing.

4. Upon the pronouncement of sentencing, Judge Sperazza had not declared plaintiff as a predicate nor did she sentence him as a predicate - i.e., in terms of time amount and mandatory sentencing guidelines.

5. Plaintiff was committed to the NYS Department of Correctional Services (DOCS) on June 6th, 2002, under the sentence reflected in paragraph one (1), however the NYS DOCS later contacted the Niag. Co. Court and informed that plaintiff's sentence was incorrect.

6. Thereafter, the Niag. Co. Court Clerk had forwarded the NYS DOCS a commitment order, endorsed by Judge Sperazza, that reflects a sentence of five (5) PRS, absent plaintiff having been remanded back to the sentenc-

1

ing court for a resentencing hearing.

7. In the spring of 2005, plaintiff had wrote to the court informing the court that he had recently become aware of the 2002 illegal PRS amendment to his sentence. On April 19th, 2005, plaintiff had received a response from the Niag. Co. court's Judge Sperazza's confidential legal assistant admitting to the change of his sentence absent a hearing.

8. In May of 2005, plaintiff was ordered to be produced before the court (Judge Sperazza) for the purpose of adjudicating his sex offense level, which was only one month subsequent to receiving the response mentioned in the above paragraph, and wherefore Judge Sperazza had an opportunity to address the matter of resentencing appropriately but had failed to do so.

9. On July 2nd, 2005, plaintiff had reached the maximum expiration (max. exp.) date of the four (4) year determinate prison term, without having accepted his conditional release (CR) date or any other form of early release. Plaintiff was then compelled to accept an illegal stint of PRS by the NYS Div. of Parole (D.O.P.), under the duress of being arrested, and was next released to the custody of the D.O.P. under a certificate of release that read that he had a sentence of five (5) years PRS with a max. exp. of July 2010.

10. On July 11th, 2005, plaintiff was violated on PRS and re-incarcerated, where he had ultimately been assessed an eighteen (18) month prison hold.

11. On Aug. 4th, 2005, plaintiff had filed a CPL §440.20 with the Niag. Co. court arguing a losing cause, due to ignorance of the law, but still had emphasized therein that the court sentencing transcripts only re-

flects a sentence of three (3) years PRS and not five (5). During this time, plaintiff was confined at the Niag. Co. Jail, which is a five (5) minute distance from the Niag. Co. courthouse, and, instead of commencing a resentencing hearing regarding the matter, Judge Sperrazza had rendered an expedient decision dismissing plaintiff's CPL §440.20 and left the matter as is to date - i.e., a five (5) year PRS sentence being represented by an illegal commitment.

12. On Jan. 19th, 2007, plaintiff was released from Great Meadow Corr. Fac. under a certificate of release that reflected a PRS sentence of five (5) years, with a remainder of approx. three (3) years, five (5) months and twenty (20) days thereof, and a July 2nd, 2010 max. exp. date.

13. Plaintiff was again violated and returned back to state prison under a fifteen month time assessment on March 5th, 2007, where he was next released on June 5th, 2008, from Clinton Corr. Fac., under a certificate of release that reflected a three (3) year PRS sentence, with a remainder of approx. two (2) years and one (1) month, and a max. exp. date of July 2nd, 2010.

14. On July 2nd, 2008, plaintiff had reached the max. exp. date on the orig. three (3) year PRS term that is represented by the May 8th, 2002 sentencing minutes, though the time served thereunder was illegally imposed by the NYS Div. of Parole.

15. On July 19th, 2008, plaintiff was violated and accused of producing a positive urine sample for marijuana use and threatening the safety and security of parole officers by having an ice cream pen with urine in it. Plaintiff had contested the charges, where P.O. Mattingly & P.O. Labuer had testified against him.

6

16. Plaintiff had initially opened up the hearing addressing the fact that he was under an illegal PRS sentence but his words were disregarded by the Administrative Law Judge (ALJ) Judith Cummins.

17. Ultimately, plaintiff was found not guilty of the charges regarding the use of marijuana and testing positive for it as well, but was found guilty of the charge of threatening the safety and security of Parole Officers by having an ice cream pail with urine in it based upon factors not presented during the hearing and charges not issued upon his conditions list. Plaintiff was assessed a fifteen (15) month prison hold.

18. Plaintiff had appealed the matter to the NYS board of Parole (boP) in Jan. 2009 and had received no response at all to his appeal until Jan. 2010, eight (8) months beyond their response time limitation.

19. Plaintiff also notes that he had raised several issues regarding improprieties on part of P.O. Suanne Mattingly during the Parole Revocation hearing and within his parole appeal that are subjects of this action.

20. In the month of Aug. 2008, plaintiff had filed an Art. 78 against the NYS DOCS & boP, arguing that:

    a.) the NYS boP had illegally held him under PRS after the max. exp. of his prison term,

    b.) the NYS DOCS had illegally changed his PRS from three (3) years to five (5), and

    c.) the NYS boP unconstitutionally compelling him to participate in a program that requires him to concede with the idea of guilt in regards to his conviction or face being violated and returned back to the custody of the DOCS, and to submit to urine tests without good cause.

21. By Dec. 2nd, 2008, the Attorney General (Attn. Gen.) had responded with a pre-answer motion to dismiss arguing that the respondents were entitled to be relieved from the action under collateral estoppel & res judicata. The Attn. Gen. had asserted that plaintiff's 2005 CPL §440.20 motion, filed with the Niag. Co. court, had resolved the issue as to whether the sentence modification was legal or not.

22. Plaintiff had responded to the Attn. Gen.'s motion to dismiss arguing against their position and had, in addition, moved for a default judgment against the NYS DOP arguing that the motion to dismiss concerned only the changing of his PRS from three (3) to five (5) and not the issue of him having been compelled to accept PRS under duress, after having reached the max. exp. on his four (4) year determinate prison sentence.

23. On Feb. 26th, 2009, Judge Mary O'Donohue of Albany Co. Court, Troy, N.Y., had rendered a decision in favor of the respondents, dismissing plaintiff's petition in its entirety.

24. Plaintiff had appealed to the Appellate Division (3rd) and the App. Div. had affirmed the decision of the lower court and held that the remaining issues under his petition was without merit. Plaintiff had received this decision with merely four (4) months remaining on the entire PRS sentence, thus he opted to not seek review from the NYS Court of Appeals.

25. Furthermore, in the month of April 2009, plaintiff had filed a CPL §440.20 motion with the Niag. Co. court requesting a resentencing proceeding pursuant CPL §430.10 & §380.40, so that his sentence of three (3) years PRS can be properly restored without the interference of the 2002 illegal commitment that read five (5) years.

26. In the month of Sept. 2009, after not having received a response to

5

his Motion, plaintiff had wrote to the Niag. Co. court and received a response from the Niag. Co. Supreme court informing that his Motion was under review, and that his concerns would be taken to Judge Sperazza.

27. After receiving the above mentioned letter, plaintiff had filed a default judgment Motion pursuant to CPLR §3215 with and against the Niag. Co. court in regards to the CPL §440.20 Motion filed in the month of April 2009 asking that the relief requested under his Motion be granted - i.e., his PRS sentence of three (3) years be restored by the Vacatur of the illegal commitment order that reflects a five (5) year PRS sentence - and the court had failed respond.

28. In the month of Oct. 2009, the Niag. Co. court had scheduled an Oct. 23rd, 2009 hearing date in regards to plaintiff's CPL §440.20 Motion.

29. Oct. 19th, 2009, plaintiff was released from Attica Corr. Fac. after having served time for the fifteen (15) month illegal PRS time violation. Plaintiff was released from Attica Corr. Fac. on Oct. 19th, 2009 under a Certificate of Release that states that he has a three (3) year PRS sentence with a maximum exp. date of July 1st, 2010.

30. On Oct. 23rd, 2009, upon appearance regarding the CPL §440.20 Matter, Niag. Co. court Judge Sara S. Sperazza had adjourned the matter until Nov. 6th, 2009 in that plaintiff had not been provided with nor obtained legal counsel.

31. After another adjournment, oral arguments were heard by Niag. Co. court Judge Sara S. Sperazza on Nov. 12th, 2009, Wherefore thereafter the matter was adjourned for the purpose of the judge to render a decision.

32. At the present date, over a month has past since the render-

ing of the judge's decision on Jan. 20th, 2010, which was ten (10) days before the sixty (60) day time frame allowed.

33. Moreover, while awaiting decision with regards to the CPL §440.20 Motion, plaintiff was violated on Dec. 10th, 2009 by the DOP and scheduled for a Dec. 31st, 2009 final hearing date.

34. On Dec. 31st, 2009, plaintiff had appeared before Adm. Law Judge Judith Cummins once again. At this hearing, plaintiff had informed ALJ Cummins of the matter before Judge Sperazza in the Nia. Co. Court and of the fact that the matter that concerned the commitment order in which reflected that plaintiff had a sentence of five (5) years is invalid. Plaintiff had also informed Cummins that she cannot detain him in await of Judge Sperazza's decision, which includes adjournments. ALJ Cummins had adjourned the matter until Jan. 14th, 2010, and had stated that the adjournment was based upon the premise of preparation for a contested hearing.

35. On Jan. 14th, 2010, plaintiff had come before ALJ Cummins again for a final hearing but for the purpose of a contesting of authority of the ALJ, the NYS DOCS, and the NYS DOP to detain him under a PRS violation. Plaintiff had argued the fact that he had reached the max. exp. date of the only legal sentence that the DOCS & DOP could claim custody of him under, and that his sentence, by law, must be recognized as three (3) years PRS and five (5) years is invalid.

36. ALJ Cummins had not accepted plaintiff's contention, thus he had removed himself from the hearing and had refused to continue participating therein.

7

37. Consequently, ALJ Cummins had opted to continue the hearing in plaintiff's absentee, whereby she had served plaintiff a time assessment that extended to the Max. exp. date of the illegal five (5) year PRS sentence.

38. On Jan. 20th, 2010, Judge Sperazza had rendered a decision that ordered the resentencing of plaintiff for the purpose of adding PRS time, under an indictment that has been finalized since July 2nd, 2008, and on Jan. 22nd, 2010 this resentencing hearing had took place. Plaintiff has moved for leave to appeal with the Appellate Division (4th Dept.) and have not yet received a determination.

39. On Jan. 21st, 2010, the NYS B.O.P. had rendered a decision with respect to plaintiff's Jan. 2009 parole revocation appeal, as previously stated, whereby it is evident that such decision was rendered in light of and in tandem to Judge Sperazza's decision to have plaintiff resentenced to the additional PRS, and thus making it even more obvious that he had been illegally held for the court.

## CAUSE OF ACTION

1. Plaintiff brings this action against Niagara County Court Judge Sara S. Sperrazza in that she had acted under the color of state law, in her individual & official capacities, when she had violated plaintiff's 5th, 8th & 14th amendment rights by resentencing plaintiff on Jan. 22nd, 2010 to Post-Release Supervision (PRS) time nineteen (19) months subsequent to the Maximum expiration (Max.exp.) of his original (May 8th, 2002) four (4) year determinate prison term and three (3) years PRS.

2. Plaintiff brings this action against the acting and former chair-men of the NYS Division of Parole (DOP) Andrea W. Evans and George Alexander in that they acted under the color of state law, in their individual & official capacities, when they violated plaintiff's 5th, 8th & 14th amendment rights by the NYS DOP having forced him on PRS after ~~they but almost~~ he had reached the Max. exp. date of his four (4) year prison sentence on July 2nd, 2005, without him having accepted his Conditional Release (CR) date or any other form of early release, and for holding him under an additional illegal two (2) years PRS term after he had reached the Max. exp. of the orig. three (3) year PRS sentence.

3. Plaintiff brings this action against the Commissioner of the NYS Department of Correctional Services (DOCS) Brian Fischer in that he had acted under the color of state law, in his individual & official capacities, when he violated plaintiff's 5th, 8th & 14th amendment rights by allowing the acceptance of a second commitment order that was unbacked by sentencing transcripts, and maintaining record of such commitment order against state

9

laws and beyond the max. exp. of plaintiff's actual sentence which is backed by sentencing minutes.

1. Plaintiff brings this action against NYS Div. of Parole, Administrative Law Judge Judith Cummins in that she had acted under the color of state law, in her individual & official capacities, when she violated plaintiff's 5th, 8th & 14th amendment rights by knowingly carrying out a parole revocation hearing against plaintiff beyond the max. exp. of his four (4) year prison sentence and his three (3) year PRS sentence on two (2) separate occasions (Sept. 2008 & Jan. 2010) netting the amount of approx. twenty-two (22) months of incarceration, and for rendering a baseless decision against plaintiff in 2008 sustaining charges that he threatened the safety and security of parole officers & posed a sanitary condition concern by having a bucket with urine in it, as well as by not presenting factors relied in her decision during the hearing so as to provide him due process his right to be heard.

5. Plaintiff brings this action against NYS Div. of Parole, Parole Officer Susanne Mattingly in that she had acted under the color of state law, in her individual & official capacities, when she violated plaintiff's 4th, 8th & 14th amendment rights by:

A.) Placing him on GPS tracking device in 2008 between June 5th, 2008 & July 19th, 2008, and 2009 between Oct. 19th & Dec. 10th without the authorization of the NYS Board of Parole nor an Adm. Law Judge, and

B.) Acting in concert with another Parole Officer in a conspiracy to bring Parole Violation charges against him when she had lied and created reports that states that plaintiff had provided a urine

sample that tested positive for marijuana.

6. Plaintiff brings this action against the NYS Div. of Parole, Officer Ron LaDuca in that he acted under the color of state law, in his individual & official capacities, when he violated plaintiff's 4th, 8th & 14th amendment rights by acting in concert with another Parole Officer in a conspiracy to bring parole violation charges against plaintiff when he created reports and lied stating that plaintiff had provided a urine sample that tested positive for marijuana.

7. Plaintiff brings this action against the NYS Board of Parole Commissioners Lisa Elovs, Christina Hernandy, Debra Loomis, and Crangle in that they acted under the color of state law, in their individual & official capacities, when they violated his 5th, 8th & 14th amendment rights by failing to reverse the decision of Adm. Law Judge Judith Cummins upon appeal and release him after he had reached the Max. Exp. upon his original three (3) year sentence of PRS.

11

## RELIEF REQUEST

The defendants are liable for the following acts in which conduced plaintiff's suffering:

1. The NYS DOP
   A.) First became aware of the illegally imposed PRS term July 2nd, 2005 and had opportunity to effect & correct the matter until July 2010;
   B.) Is liable for improperly commencing period of PRS after plaintiff had reached the Max. exp. on his four (4) year determinate prison term absent any interruption therein, and
   C.) Is liable for plaintiff having served a total of five (5) years PRS, with fifty-seven months being prison time.

2. The NYS DOCS
   A.) First became aware the PRS sentence issue in June 2002 and had opportunity to effect & correct the matter until July 2010;
   B.) Is liable for improperly holding plaintiff under illegal confinement beyond the Max. exp. of his four (4) year determinate prison sentence for the NYS DOP and his three (3) year PRS sentence for the Niag. Co. Court and the NYS DOP;
   C.) Is liable for plaintiff having served a total of five (5) years PRS, with fifty-seven (57) months being prison time.

3. Judge Sara S. Sperrazza

a.) First became aware of the PRS sentence issue in June 2002 and had opportunity to hear the matter until July 2nd, 2008, and had an opportunity to correct & properly dispose of the matter by removing illegal commitment order between July 2008 & July 2010;

b.) Is liable for improperly resentencing plaintiff and holding him for the NYS DOCS & the NYS DOP, and

c.) Is liable for plaintiff having served a total twenty-four (24) months of PRS, with twenty-two (22) months being prison time.

4. ALJ Judith Cummins

a.) First became aware of the PRS sentence issue Sept. 2008 and had an opportunity to effect & correct the matter Sept. 2008 & Jan. 2010 until July 2010;

b.) Is liable for improperly resentencing & holding plaintiff under revocation hearing decisions that imposed prison time assessments for the NYS DOP, and

c.) Is liable for improperly holding plaintiff on PRS for twenty-two months, where twenty-one (21) months was served in prison.

5. NYS DOP Commissioners

a.) First became aware of PRS sentence issue Jan. 2009 and had opportunity to effect & correct the matter until July 2010;

13

B.) is liable for improperly holding plaintiff for ALJ Judith Cummins, the NYS DOP, the NYS DOCS, and the Niag. Co. Court Judge Sara S. Sperrazza, and

C.) is liable for plaintiff having served a total of eighteen (18) months PRS, with seventeen (17) months being prison time.

The injuries incurred by plaintiff as a result of such suffering are as follows:
1. Anxiety
2. Panic Attacks
3. Insomnia
4. Constant Weight Loss
5. Strain on personal & family relationships
6. Depression
7. Loss of potential gainful employment & educational opportunities
8. Fear of being harmed by officers and inmates due to my conviction
9. Fear of being civilly committed wrongfully
10. Loss of youthful years & life that cannot be replaced.
11. Financial expenses for Postage (Legal & Nonlegal) & Traveling (visit) expenses (girlfriend)

Plaintiff seek the amount of $           in compensatory damages and $           in punitive rewards in that the defendants were conscious of their acts and that they were violating the laws, as well as causing plaintiff to suffer. The defendants' acts were so adverse to the law as to shock the conscience and misrepresent the face of the establishment (i.e., each defendant being a component of the government).   Mashama Veil

May 31st, 2010                              14